1  Michael E. Sullivan, Esq. #5142
   Hannah E. Winston, Esq. #14520
2  **ROBISON, SHARP, SULLIVAN & BRUST**
   71 Washington Street
3  Reno, Nevada 89503
   Email: msullivan@rssblaw.com
4          hwinston@rssblaw.com
5  Telephone:    (775) 329-3151
   Facsimile:    (775) 329-7169
6  Attorneys for Defendant
7  COSTCO WHOLESALE CORPORATION

8

9                **UNITED STATES DISTRICT COURT**

10                     **DISTRICT OF NEVADA**

11  TONJA FRANCES BROWN, an individual,         Case No.:  3:22-cv-208

12                               Plaintiff,     First Judicial District Court
                                                Case No.:      22 TRT 00020 1B
13  vs.

14  COSTCO WHOLESALE CORPORATION                **DEFENDANT COSTCO WHOLESALE**
    dba COSTCO WHOLESALE, a foreign             **CORPORATION'S PETITION FOR**
15  corporation; DOE INDIVIDUALS I through X;   **REMOVAL**
    and ROE ENTITIES I through X,
16
                                Defendants.
17  _____/

18

19       Defendant COSTCO WHOLESALE CORPORATION, a Foreign Corporation ("Costco"),

20  by and through its counsel of record, Michael E. Sullivan, Esq. and Hannah E. Winston, Esq., of

21  the law offices of Robison, Sharp, Sullivan & Brust submits this Petition for Removal of the above-

22  captioned lawsuit entitled <u>TONJA FRANCES BROWN, an individual vs. COSTCO</u>

23  <u>WHOLESALE CORPORATION dba COSTCO WHOLESALE, a foreign corporation; DOE</u>

24  <u>INDIVIDUALS I through X; and ROE ENTITIES X through X,</u> Case No. 22 TRT 00020 1B,

25  assigned to Department Number I, in the First Judicial District Court located in the County of

26  Carson City, State of Nevada ("State Court") to this Court pursuant to 28 U.S.C. §§1332(a), 1441,

27  and 1446(b)(3).

28  / / /

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

## I.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

1.   COSTCO was served with a copy of Plaintiff TONJA FRANCES BROWN's ("Brown") State Court Summons and Complaint ("Complaint") on or about April 28, 2022. Thus, this removal is timely because the 30-day period for filing the removal has not passed. 28 U.S.C. §1446(b).  Additionally, removal is timely because it is filed within one year from when Plaintiff Brown filed the original Complaint in the State Court action on or about April 18, 2022.

2.   Pursuant to 28 U.S.C. §1446(a), COSTCO has attached a true and correct copy of the Complaint filed April 18, 2022 as **EXHIBIT "1"**, and a true and correct copy of the Proof of Service Summons and Complaint file April 28, 2022 is attached as **EXHIBIT "2."**

3.   COSTCO has provided and served a copy of the Petition for Removal on Plaintiff BROWN, through their counsel Nicole C. Bolick, Esq. of VALIENTE MOTT, LTD, and COSTCO will timely file a copy of the Petition for Removal with the Clerk of the Carson City County District Court as required by 28 U.S.C. §1446(d).

4.   COSTCO is informed and believes and hereon alleges that no other parties have appeared apart from itself and Plaintiff BROWN.

5.   Removal from State Court to this Court is proper as this district embraces the place where the action is pending per 28 U.S.C. §1441(a).

## II.   BACKGROUND

6.   Plaintiff has asserted in her Complaint two (2) causes of action for Negligence and Negligence Via Vicarious Liability against all Defendants arising out of an alleged personal injury which occurred in the Costco Wholesale Store #127 in Carson City, Nevada. Plaintiff BROWN alleges that as she stepped over to pick out some strawberries and blueberries, her right foot slipped on a hazardous substance on the floor causing her to lose her balance, and she hyper-extended her knee. Plaintiff's demand letter to Costco (dated April 8, 2022) seeks $500,000 as damages.

## III.   COMPLETE DIVERSITY OF CITIZENSHIP AS TO THE PARTIES

7.   COSTCO is informed and believes that Plaintiff is a citizens of Nevada.

8.   COSTCO is a corporation organized under the laws of the state of Washington and has its principal place of business in the State of Washington.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

2

1

**IV.    AMOUNT IN CONTROVERSY**

2        9.      The amount in controversy in this action exceeds $75,000.  *See* **Exhibit 5** –

3   Plaintiff's Demand Letter of $500,000. In the instant action, Plaintiff BROWN seeks unspecified

4   damages in her Complaint for an alleged injury.

5        DATED this _6th_ day of May, 2022.

6
                                    ROBISON, SHARP, SULLIVAN & BRUST
7                                    71 Washington Street
                                    Reno, Nevada 89503
8

9

10  By: _____
                                     MICHAEL E. SULLIVAN, ESQ.
11                                   HANNAH E. WINSTON, ESQ.
                                     Attorneys for Defendant
12                                   COSTCO WHOLESALE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of **DEFENDANT COSTCO WHOLESALE CORPORATION'S PETITION FOR REMOVAL** on all parties to this action by the method(s) indicated below:

_____by placing true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

      Nicole C. Bolick, Esq.
      Timothy A. Mott, Esq.
      James A. Trummell, Esq.
      VALIENTE MOTT, LTD.
      7785 W Sahara Avenue, Suite 102
      Las Vegas, NV 89117

_____by using the Court's CM/ECF Electronic Notification System addressed to:

      Nicole C. Bolick, Esq.      nicole@valientemott.com
      Timothy A. Mott, Esq.      tim@valientemott.com
      James A. Trummell, Esq.    jim@valientemott.com

_____by email addressed to:

      Nicole C. Bolick, Esq.      nicole@valientemott.com
      Timothy A. Mott, Esq.      tim@valientemott.com
      James A. Trummell, Esq     jim@valientemott.com

_____by facsimile (fax) addressed to:

      Nicole C. Bolick, Esq.
      Timothy A. Mott, Esq.
      James A. Trummell, Esq

_____by Federal Express/UPS or other overnight delivery addressed to:

DATED this ___6th___ day of May, 2021

_____
Employee of Robison, Sharp, Sullivan & Brust

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

**EXHIBIT LIST**

2

3

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Complaint | 11 |
| Exhibit "2" | Proof of Service Summons and Complaint | 1 |
| Exhibit "3" | Declaration of Michael E. Sullivan in Support of Costco Wholesale, Inc.'s Petition to Removal | 1 |
| Exhibit "4" | Civil Cover Sheet | 2 |
| Exhibit "5" | Valiente Mott's Demand Letter dated April 8, 2022 | 2 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

# EXHIBIT "1"

# EXHIBIT "1"



REC'D & FILED

2022 APR 10  PH 2: 42

AUBREY ROWLATT
S. BARAJAS

BY_____
DEPUTY

1   TIMOTHY A. MOTT, ESQ.
      Nevada Bar No. 12828
2   tim@valientemott.com
      JAMES A. TRUMMELL, ESQ.
3   Nevada Bar No. 14127
      jim@valientemott.com
4   NICOLE C. BOLICK, ESQ.
      Nevada Bar No. 15015
5   nicole@valientemott.com
      VALIENTE MOTT, LTD.
6   7785 W. Sahara Ave. #102
      Las Vegas, Nevada 89117
7   Telephone: (702) 623-2323
      Facsimile: (702) 623-2323
8

9   Attorneys for Plaintiff
      TONJA FRANCES BROWN
10

11

12                 IN THE FIRST JUDICIAL DISTRICT COURT

13         IN AND FOR THE COUNTY OF CARSON CITY, STATE OF NEVADA

14

15   TONJA FRANCES BROWN, an individual,       Case No.: 22 TRT 00020 1B
                                                    Dept. No.: 1
16             Plaintiff,

17         v.                                           COMPLAINT

18   COSTCO WHOLESALE CORPORATION
19   dba COSTCO WHOLESALE, a foreign           EXEMPTION FROM
      corporation; DOE INDIVIDUALS I through X;     ARBITRATION REQUESTED –
20   and ROB ENTITIES I through X,             AMOUNT IN CONTROVERSY IN
                                                  EXCESS OF $50,000
21             Defendants.

22

23

24         Plaintiff TONJA FRANCES BROWN ("Plaintiff"), by and through her attorneys of record

25   with the firm VALIENTE MOTT, LTD., for her causes of action against Defendant COSTCO

26   WHOLESALE CORPORATION dba COSTCO WHOLESALE, a foreign corporation,

27   ("Defendant"), and each of them, complains and alleges as follows:

28       ...

1

## PARTIES AND JURISDICTION

1.     Plaintiff TONJA FRANCES BROWN ("Plaintiff"), at all times here mentioned, was and is a resident of Carson City, State of Nevada.

2.     Upon information and belief, at the time of the incident on May 2, 2020, Defendant COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE ("COSTCO"), is a was a foreign corporation and a Nevada entity registered in Carson City authorized to conduct and do business in the State of Nevada.

3.     Upon information and belief, the tortious event upon which this negligent action is based, occurred at Costco Wholesale Store #127 located at 700 Old Clear Creek Rd, Carson City, Nevada 89705. (hereinafter "Costco Store")

4.     Pursuant to NRCP 10(d) and *Costello v. Casler*, 127 Nev. 437, (2011), the identity of resident and non-resident defendants designated herein as DOE INDIVIDUALS I through X and ROE ENTITIES I through X, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff believes and thereon alleges that each of the Defendants designated as DOE INDIVIDUALS I through X and/or ROE ENTITIES I through X are responsible in some manner for the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOE INDIVIDUALS I through X and ROE ENTITIES I through X when the same have been ascertained and to join such Defendants in this action.

5.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, named Defendants, DOES and ROES, and each of them, were the owner, partner, servant, officer, agent, employer and/or employee of the other, and each of them, and were at all relevant times acting withing the scope and performance of said partnership and with the knowledge and consent of the remaining Defendants at the time of the event leading to Plaintiff's injury.

...

6.  Exercise of the jurisdiction by this Court over Defendants in this action is appropriate because Defendant COSTCO was authorized to do business in Nevada, conducted business in Nevada, continue to conduct business in Nevada, committed a tort in Nevada, and the amount in controversy is in excess of $15,000.00.

7.  Venue is proper in the First Judicial District Court, County of Carson City, State of Nevada, as the forum most convenient for all parties and the forum wherein the tortious conduct and act, which is the subject matter of this litigation, occurred.

## GENERAL FACTUAL ALLEGATIONS

8.  Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

9.  At all times relevant herein, the Defendant, DOE INDIVIDUALS I through X and/or ROE ENTITIES I through X, were the owners, managers, maintainers, inspectors, supervisors, controllers and/or agents of the premises and/or Defendants.

10.  On or about May 2, 2020, Plaintiff was shopping at the Costco Store, which was owned and/or operated by Defendant COSTCO.

11.  Defendant COSTCO allows persons into its stores, such as the Costco Store involved in this action, who pay money to obtain an exclusive membership to shop for consumer goods and services at Defendant COSTCO. These persons are known as "Costco Members".

12.  On the date and time of incident, Plaintiff was a Costco Member and invitee to the Costco Store.

13.  After entering the Costco Store, Plaintiff walked to the produce section ("subject area"). As Plaintiff stepped over to pick out some strawberries and blueberries, her right foot slipped on a hazardous substance on the floor causing her to lose her balance, hyper-extend her knee, and suffer severe bodily injuries and damages.

14.  All of the foregoing paragraphs shall be hereafter referred to as the "subject incident".

...

...

3

15. Upon information and belief, and at all times relevant hereto, Defendant COSTCO, held ownership, custody, and/or control over the physical area of the Costco Store, including the customer walkway, the produce section, and the subject area where the subject incident occurred.

16. That, upon information and belief, and at all times relevant hereto, Defendant COSTCO, were responsible for maintaining, cleaning, servicing, and/or repairing the subject area where the subject incident occurred.

17. That Plaintiff had permission and/or consent from Defendant COSTCO, whether expressed or implied, to be on the premises and in the produce section where the subject incident occurred.

18. At the time of incident, the subject area was not marked in any manner or way to warn Plaintiff and/or other pedestrians against the danger in and around the subject area that contain a hazardous condition.

19. Upon information and belief, the hazardous condition in the subject area was placed and/or maintained and/or allowed to exist on the ground by Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, as agents, servants, workers, and/or employees of Defendants.

20. Upon information and belief, the hazardous condition in the subject area was noticed or should have been noticed on the ground by Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, as agent(s), servant(s), worker(s), and/or employee(s) of Defendant.

21. Upon information and belief, the hazardous condition in the subject area existed on the ground for such a length of time that Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, as agent(s), servant(s), worker(s), and/or employee(s) of Defendant should have known of its presence.

22. Upon information and belief, Defendant COSTCO had or should have had actual or constructive notice of the hazardous condition in the subject area prior to the subject incident.

23. At all times herein concerned and relevant to this action, Defendant COSTCO, and/or DOE INDIVIDUALS and/or ROE ENTITIES, acted by and through their duly authorized

4

1   agents, servants, workers, and/or employees and they were acting within the course and scope of

2   their employment and scope of their authority for Defendant COSTCO.

3       24.    Defendant COSTCO and its employees and agents have a duty of care to routinely

4   inspect, maintain, supervise, and clean the floor and walkways in the Costco Store so that potential

5   hazards and/or hazardous materials/substances are removed and/or otherwise remediated.

6       25.    On the date and time of the subject incident, and all relevant times thereto,

7   Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, while in the course

8   and scope of their employment and agency with other Defendants, negligently failed to maintain,

9   manage, inspect, clean, supervise, control, and repair the subject area in the Costco Store, which

10   resulted in a hazardous condition for its members, such as Plaintiff.

11       26.    On the date and time of the subject incident, and all relevant times thereto,

12   Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, while in the course

13   and scope of their employment and agency with other Defendants, negligently failed to warn

14   Plaintiff of the hazardous condition in the subject area, which resulted in Plaintiff's fall and

15   injuries.

16       27.    That as a direct and proximate result of the negligence of Defendant COSTCO,

17   Plaintiff slipped and sustained personal injuries, all or some of which conditions may be permanent

18   and disabling, and all to Plaintiff's damages in a sum in excess of Fifteen Thousand Dollars

19   ($15,000.00).

20       28.    That as a direct and proximate result of the negligence of Defendant COSTCO,

21   Plaintiff received medical and other treatment for the aforementioned injuries, and that said

22   services, care, and treatment is continuing and shall continue in the future, all to Plaintiff's

23   damages.

24       29.    That as a direct and proximate result of the negligence of Defendant COSTCO,

25   Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional

26   distress, physical injuries and medical treatment, both past and future, all of which are damages

27   recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

28   ...

5

30.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

31.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff has limited recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

32.     That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

33.     That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

34.     That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, and/or DOE INDIVIDUALS and/or ROE ENTITIES, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
### (*Negligence*- Against all Defendants)

35.     Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

36.     Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO, and/or DOE INDIVIDUALS and/or ROE ENTITIES, had an interest in the Costco Store where the subject incident occurred through ownership, control, maintenance, inspection, contractual obligations, tenancy, occupancy, as landowners or otherwise.

37.     Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO, and/or DOE INDIVIDUALS and/or ROE ENTITIES, owed all invitees, members, licensees, guests, pedestrians, or other persons lawfully on their property or premises, a duty of reasonable care to

6

1  remove or otherwise remediate all potentially hazardous conditions that existed in and around the
2  premises, including, without limitations, the customer walkways in the produce section.

3      38.    Defendant COSTCO had a duty to maintain the premises and keep clear and safe
4  the areas of the customer walkways at all times.

5      39.    Defendant COSTCO had a duty to maintain the premises and keep warning signage
6  in the areas of hazardous conditions.

7      40.    Defendant COSTCO had a duty to keep the premises and customer walkways in
8  the produce section clean and free of potentially hazardous conditions.

9      41.    Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO had a duty
10  to take reasonable precautions to prevent any foreseeable dangerous or hazardous conditions, upon
11  which its members or invitees, including Plaintiff, could be injured.

12      42.    Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO had a duty
13  to keep and maintain the subject premises in a safe condition, including but limited to remedying
14  and/or curing any potentially dangerous and/or hazardous conditions, and mitigating or preventing
15  any foreseeable dangerous and/or hazardous condition, upon which its members or invitees,
16  including Plaintiff could be injured.

17      43.    Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO knew or
18  should have known that, on or about May 2, 2020, a hazardous condition existed in the subject
19  area of the customer walkway where the subject incident occurred.

20      44.    Plaintiff is informed and believes, and thereon alleges that Defendant COSTCO,
21  was negligent because it failed to exercise reasonable care to prevent its employees and/or agents
22  foreseeable negligent and reckless conduct.

23      45.    Plaintiff alleges that Defendant COSTCO had knowledge of the probable harmful
24  consequences of hazardous condition in the subject area of the customer walkway; Defendant
25  COSTCO's negligence as alleged herein amounted to a conscious disregard of the rights and safety
26  of others, including Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

27  ...

28  ...

7

46.     Defendant COSTCO breached the duty of care owed to the Plaintiff by failing to inspect for and/or clean and/or remove and/or otherwise remediate the foreseeable dangerous and/or hazardous condition upon which the Plaintiff slipped.

47.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff slipped and sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

48.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to Plaintiff's damages.

49.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

50.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

51.     That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff has limited recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

52.     That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

53.     That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

8

54. That as a direct and proximate result of the aforementioned negligence Defendant COSTCO, and/or DOE INDIVIDUALS and/or ROE ENTITIES, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### SECOND CAUSE OF ACTION
*(Negligence via Vicarious Liability– Against All Defendants)*

55. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

56. Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, owned, controlled, and/or were responsible for maintaining, inspecting, cleaning, repairing, or overseeing the subject area in and around the produce area and customer walkways where the subject incident occurred and at the time and date of its occurrence.

57. Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and, as such, were, acting within the course, scope, and authority of said agency, employment and/or venture on the date and time of the subject incident, and that each and every defendant, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venture.

58. Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, were responsible for the area where the subject incident occurred by and through the permission and authority given to them from another Defendant(s) and, as a result, Defendants and each of them are responsible for each other's negligence pursuant to the doctrines of vicarious liability and respondeat superior.

59. Plaintiff alleges that, at all times mentioned herein, Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, are vicariously liable for any and all damages Plaintiff incurred resulting from the negligent actions or omissions of Defendants' agents, employees, servants, partners, contractors, etc.

9

60.   Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES breached the duty of care to the Plaintiff and that as a direct and proximate result of the negligence of Defendant(s), Plaintiff slipped and sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

61.   That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to Plaintiff's damages.

62.   That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

63.   That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff suffered a loss of enjoyment of life, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

64.   That as a direct and proximate result of the negligence of Defendant COSTCO, Plaintiff has limited recreational activities, which have caused and shall continue to cause Plaintiff physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

65.   That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has sustained a loss of earning capacity, past and future, as well as a loss of wages.

66.   That as a further direct and proximate result of the aforementioned negligence of Defendant COSTCO, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

67.   That as a direct and proximate result of the aforementioned negligence of Defendant COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES, Plaintiff has been

10

1   required to engage the services of an attorney, incurring attorney's fees and costs to bring this

2   action.

3       WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant

4   COSTCO and/or DOE INDIVIDUALS and/or ROE ENTITIES as follows:

5       1.   General damages in an amount in excess of $15,000.00;

6       2.   Special damages in an amount in excess of $15,000.00;

7       3.   Medical and incidental expenses incurred and to be incurred;

8       4.   Damages for past and future pain, suffering, mental anguish, and loss

9           of enjoyment of life;

10      5.   Damages for loss of wages and earning capacity;

11      6.   Damages for loss of past and future household services;

12      7.   Punitive damages as appropriate;

13      8.   For an award of attorney's fees, costs of suit, and interest incurred;

14          and

15      9.   For such other and further relief as this Court deems just and proper.

16                          **AFFIRMATION**

17      The undersigned does hereby affirm that the preceding document does not contain the

18   social security number of any person.

19      DATED this 14 day of April 2022.

20                      VALIENTE MOTT, LTD.

21                      *Nicole C. Bolick, Esq.*

22                      TIMOTHY A. MOTT, ESQ.
                        Nevada Bar No. 12828
23                      JAMES A. TRUMMELL, ESQ.
                        Nevada Bar No. 14127
24                      NICOLE C. BOLICK, ESQ.
                        Nevada Bar No. 15015
25                      7785 W. Sahara Ave. #102
                        Las Vegas, Nevada 89117
26

27                      *Attorneys for Plaintiff*

28

11

# EXHIBIT "2"

# EXHIBIT "2"



**CT Corporation**
**Service of Process Notification**
04/28/2022
CT Log Number 541494369

## Service of Process Transmittal Summary

**TO:**      Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:**      Process Served in Nevada

**FOR:**     Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TONJA FRANCES BROWN, an individual // To: Costco Wholesale Corporation |
| **CASE #:** | 22TRT00020IB |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Carson City, NV |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/28/2022 at 12:55 |
| **JURISDICTION SERVED:** | Nevada |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2022, Expected Purge Date: 05/14/2022 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 701 S. Carson Street |
| | Suite 200 |
| | Carson City, NV 89701 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT "3"

# EXHIBIT "3"

## DECLARATION OF MICHAEL E. SULLIVAN IN SUPPORT OF
## COSTCO WHOLESALE, INC.'S PETITION FOR REMOVAL

I, MICHAEL E. SULLIVAN, hereby declare and say under penalty of perjury as follows:

1.     I am an attorney at law licensed to practice in the State of Nevada and represent the Defendant COSTCO WHOLESALE CORPORATION ("COSTCO").

2.     I make the instant declaration in support of Defendant COSTCO's Petition for Removal.

3.     Plaintiffs sought unspecified damages in their Complaint for Plaintiff TONJA FRANCES BROWN's ("BROWN) alleged injury.

4.     Attached as Exhibit "5" to Defendant COSTCO's Petition for Removal is Plaintiff BROWN's Demand Letter seeking $500,00 in damages.

DATED this _6th_ day of May, 2022.

_____
MICHAEL E. SULLIVAN

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

# EXHIBIT "4"

# EXHIBIT "4"

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TONJA FRANCES BROWN

**(b)** County of Residence of First Listed Plaintiff   CARSON CITY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicole C. Bolick, Esq., VALIENTE MOTT, LTD, 7785 W Sahara Avenue, Suite 102, Las Vegas, NV 89117

## DEFENDANTS
COSTCO WHOLESALE CORPORATION dba COSTCO WHOLESALE, a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITITES I through X

County of Residence of First Listed Defendant   Washington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Michael E. Sullivan, Esq, Hannah E. Winston, Esq. and Michael Burke Robison, Sharp, Sullivan & Brust, 71 Washington Street Reno, NV 89503, (775) 329-3151

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1   U.S. Government Plaintiff
- ❑ 3   Federal Question *(U.S. Government Not a Party)*
- ❑ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | **PERSONAL PROPERTY** | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | | | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❑ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ❑ 3   Remanded from Appellate Court
- ❑ 4   Reinstated or Reopened
- ❑ 5   Transferred from Another District *(specify)*
- ❑ 6   Multidistrict Litigation - Transfer
- ❑ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332(a), 1441, and 1446(b)(3)

Brief description of cause:
Personal Injury

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   5-6-22
SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT "5"

# EXHIBIT "5"

# VALIENTE ⋁ MOTT
## INJURY ATTORNEYS

| | | |
|---|---|---|
| **Las Vegas, Nevada** | **Reno, Nevada** | **Lehi, Utah** |
| 7785 W. Sahara Ave. Suite 102 | 5470 Kietzke Lane Suite 300 | 2975 West Executive Pkwy. Suite 217 |
| Las Vegas, NV 89117 | Reno, NV 89511 | Lehi, UT 84213 |
| o \| 702 623 2323 \| f 702 623 2323 | o \| 775 313 0003 \| f 775 313 0003 | o \| 385 999 2999 \| f 385 999 2999 |

April 8, 2022

**Via Email**
Gallagher Bassett
Amanda_Lorin@gbtpa.com
Attn: Amanda Lorin

|       |                    |                        |
|-------|--------------------|------------------------|
| Re:   | **Our Client:**    | Tonja Brown            |
|       | **DOI:**           | 5/2/2020               |
|       | **Insured:**       | Costco                 |
|       | **Claim No.:**     | 003632-580490-GB-01    |

Dear Amanda Lorin,

Since we received your request to examine Tonja's prior medical history from 5 years before the incident that gives rise to this claim, we have been working diligently to gather those records. In full disclosure, we are still working to gather outstanding records for treatment Tonja received on her right knee prior to the injuries she suffered in Costco on May 2, 2020.

Even though we are still gathering prior records, we are sending the records that we have gathered to date for your review. As you know, the statute of limitations runs on the claim on May 2, 2022. We have prepared the complaint and are ready to file and serve the same. To negotiate with you in good faith, however, we are providing you with the prior medical records we have obtained to date, along with a copy of the complaint before we file the same. If you meet our demand of **$500,000.00** by **5:00 p.m., on Friday, April 15, 2022**, then we will resolve this claim with you and not proceed into litigation. If you fail to accept our demand of $500,000.00, however, then we file and serve the attached complaint.

Your review of the prior medical records will reveal that Tonja suffered from osteoarthritis in her right and left knees in the years leading up to the incident at Costco. But, the records make clear that she did not have a torn ACL before the incident occurred. We are, therefore, confident in proving causation in litigation. In fact, we are confident we will prove all the elements of



negligence, as Costco owed Tonja a duty of care, breached that duty by failing to properly maintain its premises, the breached caused Tonja to tear her ACL, along with several other injuries, and she suffered substantial damages as a result.

Of note, in a 2012 opinion, the Nevada Supreme Court held that "landowners are not free from the duty to exercise reasonable care solely because the danger posed was open and obvious." *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777 (Nev. 2012). As you may be aware, the *Foster* case was before the Nevada Supreme Court after an individual was injured in a Costco in Henderson, Nevada. The Court pointed out that "the open and obvious nature of a dangerous condition on its property does not relieve a landowner from a duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor might not expect or be distracted from observing the hazard." *Id.* at 780. The *Foster* case applies to this claim, and we ask that you take it under consideration as you evaluate the claim. We have also attached the case to this letter for your review.

As stated above, it is our desire to negotiate with Costco in good faith, thus we offer you this last opportunity to meet our demand. However, if our demand is not met by **5:00 p.m., on Friday, April 15, 2022**, then we will file suit.

Sincerely,

*Nate Quist*

VALIENTE MOTT, LTD.

7785 W. Sahara Ave. Suite 102
Las Vegas, NV 89117
702 623 2323 o|   702 623 2323 f