```
Michael E. Sullivan, Esq. #5142
Hannah E. Winston, Esq. #14520
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503
Email: msullivan@rssblaw.com
       hwinston@rssblaw.com
Telephone:  (775) 329-3151
Facsimile:  (775) 329-7169
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TONJA FRANCES BROWN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, dba COSTCO WHOLESALE, a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X,<br><br>Defendants.<br>_____ / | Case No.: 3:22-cv-00208-ART-CLB<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by Plaintiff TONJA FRANCES BROWN ("Plaintiff"), by and through her attorney of record, NICOLE C. BOLICK, ESQ. and JAMES A. TRUMMELL, ESQ of, VALIENTE MOTT, LTD, and Defendants COSTCO WHOLESALE CORPORATION, by and through their attorneys of record MICHAEL E. SULLIVAN, ESQ. AND HANNAH E. WINSTON, ESQ. of ROBISON, SHARP, SULLIVAN & BRUST, that a Protective Order be entered by this Court as follows: Discovery in this action will require the Parties to provide documents that contain information that is confidential, proprietary, and/or sensitive. Disclosure of this information could result in harm to the disclosing Party. Although this information must be disclosed, the disclosing Party is entitled to the protections described below.

/ / /

1. In addition, Plaintiff and the Defendant may seek other Confidential Material. This Protective Order shall apply to all documents, materials, and information that is sought by a party either from other parties to this litigation or from any third party with possession or custody of Confidential Material during discovery, including documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. The Parties assert the disclosure of Confidential Material outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests and could result in significant injury to a third party's privacy interests, as well as significantly erode the attorney-client privilege. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Material except as set forth herein.

2. Only if the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as "confidential" the portion of a produced material it considers subject to its claim of privilege or exemption in accordance with this Stipulated Protective order. As used in this Protective Order, the term "confidential information" means electronically stored data, photos, videos, employee records, investigative notes, manuals, business records of COSTCO, procedures or operating manuals, which is proprietary as sensitive business, commercial or other technical information, the uncontrolled release of which would cause the producing party competitive harm. Plaintiffs' tax records, medical records, documents, testimony, or other information for which protection from disclosure has been identified, requested or designated by any subsequent order of the Court relating to medical records, proprietary documentation, etc. This information does not include information that has been disclosed in the public domain.

///

///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

3. The term "disclosure" shall include the dissemination, communication, publication, or reproduction of any confidential material or the contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information.

4. As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associated, paralegal, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1", (iii) parties to this action who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1", and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

5. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, allowed by agreement of the parties, or determined by the Court not to be confidential, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

6. Any and all documents containing confidential information must be retained by counsel and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement. Nothing in this Protective Order shall in any way affect the admissibility at trial of any of the documents produced under this Protective Order.

///

///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

7. Any person who is in possession of confidential information, or to whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to insure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this Protective Order and will be punished accordingly.

8. Counsel receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Protective Order and obtaining from that expert an executed Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1". The original of any such executed Confidentiality Agreement must be retained in the office of counsel who retained the expert. Copies of any such executed Confidentiality Agreement must immediately be served upon counsel for all other parties.

9. Any person who executed a copy of the Confidentiality Agreement attached hereto submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order or for such additional relief as may become appropriate.

10. Before being copied for production, documents containing confidential information must be marked "CONFIDENTIAL."

11. Objections to Designations:

    a. If any Party believes that material otherwise designated as Confidential Material should not be classified as such, that Party shall, within 30 days of receiving the Confidential Material, state the objection by letter to counsel for the opposing Party, setting the forth the reasons that the objecting Party believes the material should not be treated as Confidential and/or Privileged, as the case may be.

   b. The Producing Party shall respond, in writing, within ten (10) days, setting forth the reason(s) that Party believes the material should be treated as Confidential Material.

   c. If the objection cannot be reasonably resolved by agreement of counsel, the Producing Party may move the Court for an appropriate order regarding such designation. The burden of proof regarding the confidentiality of the materials shall remain with the Producing Party.

   d. Until an objection to the designation of the materials has been resolved by agreement of counsel or by order of the Court, the materials shall be treated as Confidential and remains subject to this Protective Order.

12. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures. The party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.

13. Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order.

14. Only qualified persons may attend deposition examination in this case.

15. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcripts records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

///

16. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege or for some reason other than the mere confidential nature of the document or information.

17. Upon the final determination of this action, counsel and all qualified persons shall return or destroy any copies of confidential information to the disclosing party, and provide written confirmation to opposing counsel, within ten (10) days that all documents marked as confidential have been destroyed. Portions of Transcripts containing confidential information also must be returned or destroyed to the disclosing party and written confirmation to opposing counsel shall be provided within ten (10) days confirming that confidential information has been destroyed. Confidential information stored electronically shall be redacted of all confidential information. If the entire electronic file is Confidential, the electronic file will be deleted or destroyed, and written confirmation to opposing counsel shall be provided within ten (10) days confirming that confidential information has been destroyed. All notes or any other memorialization of the information contained in the confidential material produced that are in the possession of counsel may be retained by counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed:

### "CONFIDENTIAL"

"The information contained herein is confidential and subject to a protective order issued by the United States District Court. Anyone not permitted to review this information as set forth in the protective order is in violation of that order and may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings."

///

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

18. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

### ~~RETENTION OF JURISDICTION~~

~~19. The Court shall retain jurisdiction over the parties to this Protective Order in order to enforce its provisions, including by injunction, the imposition of sanctions for breach, or otherwise.~~ The Court's jurisdiction over this protective order shall cease upon termination of this case.

**AFFIRMATION:** The undersigned does hereby affirm that this document does not contain the Social Security Number of any person.

DATED this 13th day of July 2022.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503

By: /s/ Michael E. Sullivan
MICHAEL E. SULLIVAN, ESQ.
*Attorney for Defendant Costco Wholesale Corporation*

Michael Sullivan and Nicole Bolick by the signature of counsel below, expressly consent to such jurisdiction.

DATED: 7-13-22

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503
(775) 329-3151

By: /s/ Michael E. Sullivan
MICHAEL E. SULLIVAN
Nevada Bar No. 5142

///
///

DATED: 7-13-22

VALIENTE MOTT, LTD
7785 W. Sahara Ave., Suite 102
Las Vegas, NV 89117
(702) 623-2323

By: /s/ Nicole C. Bolich, Esq.
NICOLE C. BOLICK
Nevada Bar No. 15015

IT IS SO ORDERED.
Dated: July 15, 2022

_____
UNITED STATES MAGISTRATE JUDGE

**ORDER**

IT IS SO ORDERED this _____ day of _____, 2022.

_____
U.S. MAGISTRATE JUDGE

# EXHIBIT 1

## CONFIDENTIALITY AGREEMENT

1.   I hereby acknowledge that I am about to receive confidential information supplied by: <u>Costco Wholesale Corporation.</u>

2.   I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3.   I will not use any documents marked with the legend "CONFIDENTIAL" or any information contained therein for any purpose other than litigation involving TONJA FRANCES BROWN and COSTCO WHOLESALE CORPORATION; and DOES 1-15, inclusive. I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the Protective Order.

4.   At the termination of this litigation, I will return or destroy <u>all</u> documents containing confidential information as required by the Protective Order.

5.   I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order, either prior to or following trial of this action.

DATED this _____ day of _____ 2022.

_____
Signature

_____
Type or print name of individual

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, and that on this date I caused to be served a true copy of **STIPULATED PROTECTIVE ORDER** on all parties to this action by the method(s) indicated below:

_____ by placing true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

Nicole C. Bolick, Esq.
VALIENTE MOTT, LTD.
7785 W Sahara Avenue, Suite 102
Las Vegas, NV 89117

__XX__ by using the Court's CM/ECF Electronic Notification System addressed to:

| | |
|---|---|
| Nicole C. Bolick, Esq. | nicole@valientemott.com |
| Timothy A. Mott, Esq. | tim@valientemott.com |
| James A. Trummell, Esq. | jim@valientemott.com |

_____ by email addressed to:

| | |
|---|---|
| Nicole C. Bolick, Esq. | nicole@valientemott.com |
| Timothy A. Mott, Esq. | tim@valientemott.com |
| James A. Trummell, Esq | jim@valientemott.com |

_____ by facsimile (fax) addressed to:

Nicole C. Bolick, Esq.
Timothy A. Mott, Esq.
James A. Trummell, Esq

_____ by Federal Express/UPS or other overnight delivery addressed to:

DATED this 14th day of July 2022

/s/ Blanca Rivei
Employee of Robison, Sharp, Sullivan & Brust

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151